The cause having been argued before Chancellor Gaillard, he delivered the following decree:
The substance of the complainant’s statement in their bill is this : That Col; Douglass Starke, the executor op Henderson, put Wm. R. Davis in possession of funds belonging to the estate of HctYdo.rson, for the purpose of laying them out in the purchase of negroes for Eliza Henderson, the infant daughter'of Gen’.- Henderson. That' Capí; Davis laid out these funds accordingly, rind that the negroes purchased, nine in number, were transferred by the sheriff of Camden district by bis bill of sale, datci thofth June,' 1T91, to Miss Ann Davis. Ten negroes were included in this bill of sale, hut one of them, Jana-dry, is not claimed.
The consideration expressed in the hill of sale fat; the negroes, is sixty pounds. Miss Davis, now Mrs. Bay, does not claim these negroes. She conveyed them some years after Davis’ death in trust for his children', 'T,he complainants say they are entitled to those negroes,, they having been bought with the funds of Henderson’f, iitateyfor ElizaHendersoiu now Mrs,- Taylor; If ilvey *513 have supported their case by the evidence which has been advanced, they are entitled to the negroes; but in my judgment, they have not done it. The evidence does not satisfy my mind that the purchase was made either with the funds of Henderson’s estate, or his daughter’s.
The bill must therefore be dismissed with costs.
Theodore Gaillard.
From this decree an appeal was made on the follow» ing grounds:
First, — That the evidence was sufficient to support the bill, and to prove that the fund applied in the pure!)ase was furnished by the executor of General Henderson.
Secondly, — That there was sufficient evidence of a declaration of trust in favor of the complainants, made by Capt. AY. R. Davis, and by Mrs. Aim Bay, under whom the defendants claim.
On hearing this appeal argued, the Chancellors present unanimously delivered the following decretal order:
As there is much contradiction in the evidence which was given in this case, and the truth of the facts greatly depends on the credibility of the witnesses, we are unanimously of opinion, that atria! at law would enable the court to form a more satisfactory judgment in the case.
It is therefore ordered and adjudged, that the Circuit Court do direct an issue at law, to enquire whether any, and what funds were received by the late AY. R. Davis for the purpose of purchasing negroes at the sale of the estate of Jared Neil son, for the benefit of the com» plainant’s wife, and whether the negroes for which the bill of sale was given by AYade Hampton, the sheriff, to Arm Davis, (now Mrs. Bay) or any part of them, were purchased by the said AY. R. Davis for the use and benefit of the said complainant’s wife.
It is further ordered, that the answers and written, testimony read in this case be received as evidence in the trial at law, and that the witnesses on both sides be ex. amined de bene esse, so that the trial shall not be delayed *514 jf f[,c personal attendance ol the witnesses cannot W procured.
(Signed) W. D. James,
HeNRY W. Des aus sure*
Thkobore Gaiklarb,
Thomas Waties.
In pursuance of this order of the court, an issue was directed and made up between the said parties, which ivas tried in the Court of Common Pleas, sitting in Rich-land district, and the jury found a verdict in the case;’ "Whereupon the Court of Common Pleas certified to this court, the verdict so found by the jury, which was in the following words:
“ We find that the late Wm. ÍI. Davis received the-sum of Got. for the purpose of purchasing negroes at the sale of the estate of Jared Neiison, for the benefit of complainant’s wife, Mrs. Eliza Maria Taylor; and that the negroes Susanna, Jeffry, Hezza and Sarah, children of January ; a man Derry, bis wife Hannah, her daughter Letty, a woman Affy and Iter child Bess, for which the bill of sale was given by Wade. Hampton (then sheriff" ol Camden district) to Ann Davis, (now Mrs. Bay) were purchased by the .said W. It. Davis for the use and benefit of said complainant Mrs. Taylor.”’
On the coming up of this verdict, in favor of the complainants, Mr. Goodwin, counsel for the defendants*, moved in the Court of Appeals that the cause should bo stricken off the docket of causes in the Appeal Court, on the ground that the party aggrieved by the verdict had a right to move for a new trial before the Constitutional Court at Law7, which was the proper place, and not here.
But the court decided unanimously, that by the settled course of the court, every application for a new trial in the case of an issue directed out of the Court of Equity, must be made before the Court of Equity, which directed the issue, because the verdict is to satisfy the conscience of this court, and therefore overruled the mo»' ilou to strike off the cause*
*515 Mr. Goodwin then contended that this court ought .not to take up the case, but should send the cause down to the Circuit Court oi‘ Equity, where the motion for a new trial ought to be made, and not in this court, which being a Court of Appeals could not make original orders, but must in every case act upon an appeal, from some order made by the Circuit Court.
Mr. Blanding for the complainants, insisted that this Court ought to hear and decide the motion for new trial. That when the cause had been heard below', and a decree made by the Circuit Judge in Equity, against the complainants, an appeal brought the case up to this court; and the court on argument, not being satisfied, directed that the Circuit Court should cause an issue to be made up, to have the verdict of a jury on the facts, and prescribed what issue should be made and tried. That this issue was to satisfy the conscience of this court and not of the Circuit Court.
That if the cause should be sent down to the Circuit Court of Equity, and the verdict should satisfy the judge who should then hold that court, he would be obliged to reverse the decision of the judge who had first tried the cause, whereas this court alone can reverse or affirm the decrees of the Circuit Court,
The court was of opinion, that the motion should properly be made in this court.
After argument of the appeal, the court pronounced the following decree:
In ordering an issue in this case, we were under an expectation that new evidence might be procured, and that more truth and certainty would be obtained as to the facts. But the verdict which lias been returned, appears to be founded even on less evidence than was before in the possession of the court, and cannot be received as altogether conclusive. As there is no probability, however, of having more light in the case, we shall not order another issue, but form the host judgment we can, upon the imperfect testimony before us.
The complainants claim certain negroes purchased in the name of Anne Davis, at a sheriff’s sale of the ck- *516 tate of Jared Neilson, on the ground tliat the purchase was made with funds placed in the hands of William R. ■■ Davis, to be laid out in the said purchase, for the benefit INnderson, now one of the complainants. The evidence is sufficiently full to establish the claim of the' complainants to the negroes Affy and Letty. Mr. W. R. Davis applied to the executor of Gen. Henderson, to furnish him with funds to purchase these particular negroes"' for Eliza Henderson. It appears that he received sufficient funds for this purpose, partly from the executors and partly from the said complainant’s mother: That he-purchased these negroes with several others in the name of Ann Davis, now Mrs. feay — and that he afterwards declared to the executor that he had made the purchase; (( according to 1ns arrangement.” He also declared to another witness, Mr. Hunter, at the time of the purchase> that he intended Affy and her family for Miss Henderson. This fact receives strong support from the declarations of Mrs. Bay, to two respectable witnesses, and is in some degree confirmed by her own testimony, given on the hearing of this cause in the Circuit Court.
We feel, therefore, bound to give effect to the verdict in favor of the complainants, as respects the negroes Affy and Letty. But the evidence relating to the rest of the negroes included in the bill of sale, is too vague to support the verdict as to them, and to authorize tho court in declaring that a trust in them, results also to the complainants. It appears from the authorities quoted, that a resulting trust cannot be raised by construction: It must be grounded on plain proof of the application of the funds of the party for whom it is raised.' — ■ There being no such proof hi this case, as it relates to the other negroes, the verdict must be considered as having been found in this respect without evidence, and especifally as there is some evidence on the other side, tliat Mr. Davis intended to purchase the other negroes for the benefit of his own children.
It is therefore ordered and adjudged, that the decree of the circuit court be reversed, as it affects the right of the íiegrocs Affy and Letty, which said negroes, with their *517 ‘ issue, are declared to be the property of the complainants, and are ordered to be delivered up to them : That the bill bo retained as to the said negroes, and that the trustees and other defendants who have possession of them, do accountfor the profits of their labor, before the commissioner, who is directed to make ail proper and reasonable allowances in deduction from the said profits.-*™ The parties on each side must pay their own costs.
1ÍENRY W. DESAtrSSuar.f
Thomas Waties,
W. I). James,
W. Thompson.
The minds of a majority of the court being satisfied a's well from the finding of the jury, as from the evidence in the Circuit Court, that the complainants have satisfactorily made out their statement in the bill, I concur in this decree.
TilEOBORE CaIIIABB.
The Court also made the foliowing additional order:
It is further ordered and decreed, That it be referred to the commissioner of the court of Columbia district, to report the terms of a settlement of the said property on the complainant Eliza Maria Taylor and her issue, by the complainant Simon Taylor.
(Signed) ' Henry W. D.esaussuke,
Theodore Gaii,j,arb,
Tiios. Waties,
W. D. James,
'W. THOMPSON...